# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

HEATHER DAVIS,

    Plaintiff,

vs.
                                      Case No. 3:18-cv-453-J-34JBT

LOREN Z. CLAYMAN, M.D., et al.

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Amended Motion for Remand to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida (Doc. 8; Motion), filed on April 17, 2018. In the Motion, Plaintiff Heather Davis moves to remand this case to state court as improperly removed. Specifically, Davis contends that remand is warranted because Defendants Allergan USA, Inc., Allergan, Inc., and Allergan Sales, LLC (Allergan) filed the Notice of Removal of Civil Action and Demand for Jury Trial (Doc. 1; Notice), invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332, more than one year after Davis commenced this action in state court. See Motion at 2. As such, Davis argues that the removal is untimely under 28 U.S.C. § 1446(c)(1). For the reasons set forth below, the Court determines that Davis' argument is without merit and due to be denied.[1] However, upon review of the Notice, the Court finds that Allergan failed to properly allege Davis' citizenship, and as such, the Court is unable to determine whether it has

---

[1] The Court recognizes that it is ruling on the Motion without waiting for the opposition period to run. See Local Rule 3.01(b). However, as the Court has determined that the Motion is due to be denied, an opposition is not necessary at this time.

diversity jurisdiction over this action.  Accordingly, the Court will deny the Motion, but direct Allergan to provide the Court with sufficient information so it can determine the citizenship of the parties and whether it has subject matter jurisdiction over this action.

**I.    Applicable Law**

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants[,]" and the amount in controversy must exceed $75,000.  See Univ. of S. Ala., 168 F.3d at 412.  The foregoing requirements of subject matter jurisdiction are applicable to all cases brought in federal court, including cases removed from state court.  See 28 U.S.C. § 1441(a) (authorizing removal only of actions "of which the district courts of the United States have original jurisdiction"); see also Henson v. Ciba-Geigy Corp., 261 F.3d 1065, 1070 (11th Cir. 2001) (per curiam).  Moreover, the removing party bears the burden of demonstrating that federal jurisdiction exists.  Kirkland, 243 F.3d at 1281 n.5 (internal citation omitted).

In addition to these basic substantive requirements of original subject matter jurisdiction, removed cases are subject to a number of additional procedural requirements. See Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1319-21 (11th Cir. 2001); see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 756 (11th Cir. 2010) ("The substantive jurisdictional requirements, however, are not the only hurdles that a removing defendant must clear. There are also procedural requirements regarding the timeliness of removal.") (citations omitted).[2] A defendant has thirty days after receiving service of the initial pleadings or summons to file a notice of removal, see 28 U.S.C. § 1446(b)(1), or if the initial pleading is not removable, a defendant may file a notice of removal within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, a case may not be removed based on diversity jurisdiction more than one year after commencement of the action, absent a finding that the plaintiff acted in bad faith to prevent removal. See 28 U.S.C. § 1446(c).

In considering the propriety of a removal, federal courts consistently caution that removal statutes must be strictly construed, and all doubts resolved in favor of remand. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously

---

[2] Although Pretka involved removal under the Class Action Fairness Act of 2005 ("CAFA"), it interpreted and applied the general removal procedures; indeed, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, Pretka's analysis is applicable to this case. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011); Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010).

confine their own jurisdiction to the precise limits which the statute has defined.") (internal citations omitted).

## II. Discussion

Davis initiated this action in state court on April 4, 2017. See Complaint at 1. At that time, Davis named the Allergan entities as defendants, as well as Loren Z. Clayman, M.D., and Loren Z. Clayman, M.D., P.A. (Clayman Defendants). Because the Clayman Defendants are citizens of Florida, federal diversity jurisdiction did not exist at the time the case was filed. See Notice at 4. However, on April 4, 2018, Davis filed in state court Plaintiff's Notice of Dropping Parties (Doc. 8-5) in which she dismissed her claims against the Clayman Defendants, with prejudice, pursuant to Florida Rule of Civil Procedure 1.250(b) and 1.420(a).[3] With the non-diverse parties dropped from the case, Allergan promptly filed its Notice of Removal removing the action to this Court that same day. See Notice. Davis argues that removal is untimely, however, because Davis commenced this action on April 4, 2017, at 11:39 a.m., and Allergan did not file the Notice of Removal until April 4, 2018, at 3:57 p.m. See Motion at 2-4; compare Complaint at 1 with Notice at 1. Thus, according to Davis, Allergan missed the one-year mark by four hours and eighteen minutes. See Motion at 2-3. Notably, Davis cites no cases where a court has calculated the one-year time limit in this manner, and indeed, Davis' argument is too clever by half.

Rule 6 of the Federal Rules of Civil Procedure (Rule(s)) sets forth the rules for "computing any time period specified" in the Rules, any local rules, court orders, or in any statute "that does not specify a method of computing time." See Rule 6(a). To calculate a

---

[3] In light of this filing, which was not included in the removal papers, the Court will direct the Clerk of the Court to terminate the Clayman Defendants from the Court's docket and update the style of the case.

4

deadline when a period is stated "in days or a longer unit of time," such as the "1 year" time limit set forth in 28 U.S.C. § 1446(c), Rule 6(a)(1) instructs as follows:

> (A) Exclude the day of the event that triggers the period;
> (B) Count every day, including intermediate Saturdays, Sundays, and legal holidays; and
> (C) Include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday.

In addition, Rule 6(a)(4) provides that, unless otherwise specified, the "last day ends: (A) for electronic filing, at midnight in the court's time zone; and (B) for filing by other means, when the clerk's office is scheduled to close." Thus, pursuant to Rule 6, Allergan's Notice of Removal, filed on April 4, 2018, before the close of the clerk's office, is timely filed within the one-year limit set by § 1446(c). Davis offers no other argument in support of remand, and as such, the Motion is due to be denied.

Nevertheless, as stated above, the Court has an independent obligation to ensure its subject matter jurisdiction in this matter. For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

5

In the Notice, Allergan does allege that Davis is a "citizen of the State of 'Florida or Georgia.'" See Notice at 3. Although such an allegation would typically suffice for purposes of removal, the Court has some concern because Allergan also notes that this allegation is based solely on Davis' residence. See Notice at 3 n.1. Allergan appears to equate Davis' residence with her domicile, but these two terms are not synonymous. See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence'"). Because "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person," Taylor, 30 F.3d at 1367 (emphasis supplied), the Court will require Defendant to clarify its allegations as to Davis' citizenship. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("As we indicated in remanding this case for jurisdictional findings, the allegations in [plaintiff's] complaint about her citizenship are fatally defective. Residence alone is not enough.").

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Amended Motion for Remand to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida (Doc. 8) is **DENIED**.

2. Defendants shall have up to and including **May 10, 2018**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

3. The Clerk of the Court is **directed** to terminate Defendants Loren Z. Clayman M.D., and Loren Z. Clayman, M.D., P.A. from the Court docket and update the case style.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of April, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties